ANDERSON v. CONDICT et al.

(Circuit Court of Appeals, Seventh Circuit. June 6, 1899.)

No. 538.

RAILROAD FORECLOSURE—SALES SUBJECT TO CLAIMS AGAINST RECEIVER.

Where a decree for the sale of railroad property in a foreclosure suit contains an independent and unconditional provision that the sale shall be subject to all current liabilities of the receiver, the purchaser takes the property subject to such condition, without regard to the question of priority between such liabilities and the liens under which the sale is made.

On Petition for Rehearing.

For former opinion, see 93 Fed. 349.

Alfred H. Gross, for appellant.
Levy Mayer, for appellees.

WOODS, Circuit Judge (concurring in the overruling of the petition for a rehearing). The twenty-eighth paragraph of the decree contains the clause, "and also subject to all current liabilities of the receiver incurred." That is an independent and absolute provision, unqualified by anything that precedes or follows it. What precedes has reference to such claims and allowances as shall be adjudged prior in lien or superior in equity to the receiver's certificates and the mortgage foreclosed, and what follows to obligations assumed or imposed by order of the court which should be adjudged superior in equity to the mortgage. The thirty-first paragraph has no reference to current liabilities incurred by the receiver, but only to claims superior to any of the liens or claims provided to be paid from the proceeds of the sale. In other words, the sale was to be subject unconditionally to the current liabilities of the receiver, without question of essential priority, but, in respect to other claims, "subject to the payment only of the amount allowed upon such of said claims so filed within said 90 days as shall be found entitled to priority over the lien of the trust deed herein foreclosed and which the court may further find should be paid by said purchaser or purchasers." Whether the court erred in preferring current liabilities to the receiver's certificates is a question which does not arise upon this record, and which in no event could be raised by a purchaser under the decree.